**Poghos BOYAJYAN, et al., Petitioner,**

v.

**Michael B. MUKASEY,* Attorney General, Respondent.**

No. 04–72232.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2007.**

Filed Dec. 10, 2007.

---

ed by 9th Cir. R. 36–3.

* Michael B. Mukasey, Attorney General of the United States, is substituted for his predecessor, Alberto R. Gonzales, Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Inna Lipkin, Esq., Law Offices of Inna Lipkin, Redwood City, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Joan E. Smiley, Esq., Richard M. Evans, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

## MEMORANDUM ***

Poghos Boyajyan and his son, Boyajyan Hayk, petition for review of the Board of Immigration Appeals' ("BIA") summary affirmance of the Immigration Judge's ("IJ") dismissal of their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252. Because the BIA affirmed the IJ's decision without opinion, we review the IJ's decision as the final agency action. *See Singh v. Gonzales*, 491 F.3d 1019, 1023 (9th Cir.2007). The IJ's adverse credibility finding must be supported by "specific, cogent reasons, and cannot be based on speculation and conjecture." *Shire v. Ashcroft*, 388 F.3d 1288, 1295 (9th Cir.2004). We review for substantial evidence the IJ's adverse credibility determination, *id.*, and we deny the petition.

Substantial evidence supports the IJ's adverse credibility determination because the IJ specified each inconsistency that formed the basis of the determination. *See Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir.2004). The IJ based his credibility finding on repeated inconsistencies in the dates Boyajyan recounted of the allegedly persecutory events, at least one of which—his brother's murder—was significant. There were also inconsistencies between his and his son's testimony, as well as the IJ's doubts regarding the corroboration provided by the pastor at the church Boyajyan had attended in the United States, and Boyajyan's deficient knowledge of the tenets of the Pentecostal faith. *See id.* at 963; *Singh v. Ashcroft*, 367 F.3d 1139, 1143 (9th Cir.2004); *Mejia–Paiz v. INS*, 111 F.3d 720, 723–24 (9th Cir.1997). Additionally, the IJ properly relied on the Department of State Country Conditions report as supplemental evi-

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, *adopted* Dec. 10, 1984, Treaty Doc. No. 100–200, 1465 U.N.T.S. 85. The Convention Against Torture is implemented at 8 C.F.R. § 208.18.

dence contradicting Boyajyan's claim of persecution of religious minorities in Armenia. *See Chebchoub v. INS,* 257 F.3d 1038, 1044 (9th Cir.2001).

Because Boyajyan did not establish that he was eligible for asylum, he also fails to demonstrate eligibility for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003). No additional credible evidence indicates that it is more probable than not that he will be tortured if returned to Armenia. *Id.* at 1157.

**PETITION DENIED.**

---

\* Michael B. Mukasey, Attorney General of the United States, is substituted for his predecessor, Alberto R. Gonzales, Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, *adopted* Dec. 10, 1984, Treaty Doc. No. 100–200, 1465 U.N.T.S. 85. The Convention Against Torture is implemented at 8 C.F.R. § 208.18.